Nwoye v. Barack Hussein Obama, et al., 23-1178. With profound respect and humility to this honorable court, Ikemefuna Stephen Nwoye, appellant pro se. I would want to start by saying that for the full and detailed reasons contained by appellate brief, I humbly pray this honorable court to grant the release sought by vacating the decision of the district court and remanding this case to the lower court for trial. But I would add by saying that there are two issues that are very germane to this appeal. First is the issue of procedural due process. I have said so much about this in the brief citing constitutional authorities, Article 5 of the Constitution that talks about life, liberty, and property not being deprived, except in accordance with due process of the law. Importantly, the decision of this honorable court in Ikemefuna Stephen Nwoye and Barack Hussein Obama, and then on January 25, 2003, which says the case was remanded back to the district court to give notice and hear the parties if at all the case is to be dismissed. Importantly, the right to procedural due process is one that cannot be waived. If at all it must be waived, it must be knowingly done, it must be expressly done, and it must be consciously done, and voluntarily done also. In a scenario whereby we went back to the trial court for proceedings, and the district courts, with all due respect, commenced the swastika proceedings, it is my humble submission that the adversarial system upon which the justice system is built requires that both parties should be in court and should be heard one way or the other, in person or in papers. That was totally lacking in that proceedings. If we look at the grounds upon which the Spoor-Ponte Proceedings was conducted, the court has sought to rely on the matter being frivolous, that the president or the former president and first lady enjoyed absolute immunity or presidential immunity. But I will respectfully say that the position of the law has evolved from the time of the case that talked about the parameters of presidential power, to the very recent decision of the D.C. Circuit Court in the Trump's case where he says accountability is the watch word and is a question of fact-finding, which should be subject to evidential records. So the question is, was there completely pleaded evidence or pleaded facts before the court? The answer is no. The court was only seized of the amended complaint of March 3, 2002, and the proposed amendment of February 3, 2003. The court did not hear from the other side. And we know that there's the issue of uncontroverted facts, admitted facts, and also even controverted facts. If at all the court was to proceed on the Spoor-Ponte Proceedings, it is my respectful submission that both parties need to put their cards on the table. And it's only when on the surface the court says, I did not say anything that would warrant trial in this case, only on that basis would a dismissal be justified. So it is my respectful submission that if we take into account these two critical cardinal points, one, the issue of procedural fair hearing, which was thoroughly lacking in what had happened in the proceedings before the lower court, and the absence of completely pleaded facts, this honorable panel would agree with me that the justice of this case requires that we go back under the needful. Thank you. Thank you very much. Thank you. Very much appreciated. We'll observe decision.